UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**DOMINIQUE J. BROCK**                                              **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 5:16-CV-P161-TBR**

**TROY BELT et al.**                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff, a convicted prisoner incarcerated at the Kentucky State Penitentiary (KSP), has filed a civil rights complaint. He also filed a motion for whistleblower status and a motion for preliminary injunction. For the reasons that follow, those motions will be denied.

*Motion for whistleblower status (DN 4)*

Plaintiff's motion is difficult to follow. He states, "I raise this here suit as a 'private citizen,' whom seeks to inform the public of injustice – Thus, this 'system of oppression' maliciously/spitefully enacted to cage us 'like animals' practicly burying us 'under the jail' inside a 'prison within a prison,' segregating us from general population – for years at a time." He cites to *Hernandez v. Goord*, 1:01CV-9585-SHS, 2014 WL 4058662 (S.D.N.Y. Aug. 14, 2014), and Kentucky Department of Corrections Policies and Procedures (CPP) 15.2, 15.6, and 10.2. *Hernandez v. Goord* does not address whistleblower protection. CPP 15.2 governs inmate rule violations and penalties, and CPP 15.6 governs adjustment procedures and programs. Neither of these provisions provides whistleblower protection. CPP 10.2 governs special management inmates. It also does not provide whistleblower protection.

To the extent that Plaintiff may be invoking the Kentucky Whistleblower Act, it does not apply to him. "The purpose of the Whistleblower Act 'is to protect employees who possess knowledge of wrongdoing that is concealed or not publicly known, and who step forward to help uncover and disclose that information.'" *Admin. Office of Courts v. Miller*, 468 S.W.3d 323,

330 (Ky. 2015) (internal citation omitted); Ky. Rev. St. § 61.101.  Plaintiff is not an employee.  Accordingly,

**IT IS ORDERED** that Plaintiff's motion for whistleblower status (DN 4) is **DENIED**.

*Motion for preliminary injunction (DN 8)*

In his motion for preliminary injunction, Plaintiff states that he is "in absolute fear of United States Const. 1st amend. retaliation."  He states that he has already brought a number of lawsuits in state and federal court "witch leads me to fear for my safety in the case (42:1983) at hand."  He states that his belief that he may need to defend himself causes him to "carry sharp instruments."  He states that he wishes to have "EPO's[1] between [himself]" and 26 Defendants.

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov't.*, 305 F.3d 566, 573 (6th Cir. 2002).  "There are four factors that are particularly important in determining whether a preliminary injunction is proper: (1) the likelihood of the plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served." *Int'l Longshoremen's Ass'n, AFL-CIO, Local Union No. 1937 v. Norfolk S. Corp.*, 927 F.2d 900, 903 (6th Cir. 1991).  The district court must balance these four criteria, with the degree of proof necessary for each factor depending on the strength of the plaintiff's case on the other factors. *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 657 (6th Cir. 1996).  The district court is required to make findings concerning all four of these factors unless fewer factors dispose of the issue. *Int'l Longshoremen's Ass'n*, 927 F.2d at 903.

The Court will consider the second of the four preliminary injunction factors first since a specific finding of irreparable injury to the movant is the single most important element which a

---

[1] The Court assumes that Plaintiff is referring to emergency protective orders.

court must examine when evaluating a motion for a preliminary injunction. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (remedy of preliminary injunction is unavailable absent showing of irreparable injury); *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990). The Sixth Circuit has stated that it "has never held that a preliminary injunction may be granted without any showing that the plaintiff would suffer irreparable injury without such relief." *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 102-03 (6th Cir. 1982). "Despite the overall flexibility of the test for preliminary injunctive relief, and the discretion vested in the district court, equity has traditionally required such irreparable harm before an interlocutory injunction may be issued." *Id.* at 103.

To demonstrate irreparable harm, the plaintiff must show "'actual and imminent' harm rather than harm that is speculative or unsubstantiated." *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006). Plaintiff's allegation of harm is that, in the future, he *is afraid of* retaliation. He offers nothing in support of this contention except his conclusory allegations. His allegation of potential harm is purely speculative, and "[t]he speculative nature of [the plaintiff's] claim of future injury requires a finding that this prerequisite of equitable relief has not been fulfilled." *Lyons*, 461 U.S. at 111. Because Plaintiff has not shown irreparable harm, a preliminary injunction is not warranted. *See Friendship Materials, Inc.*, 679 F.2d at 103. Accordingly,

**IT IS ORDERED** that Plaintiff's motion for preliminary injunction (DN 8) is **DENIED**.

Date:

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.009