UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**DOMINIQUE J. BROCK**                                                                  **PLAINTIFF**

v.                                                        **CIVIL ACTION NO. 5:16-CV-P161-TBR**

**TROY BELT et al.**                                                                    **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Dominique J. Brock, *pro se*, has filed a civil-rights complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed.

### I.

Plaintiff is a convicted prisoner incarcerated at the Kentucky State Penitentiary (KSP). He names 33 Defendants. All but two are employees of KSP. The remaining two are employees of the Kentucky Department of Corrections (KDOC). His complaint is over 100 pages long. It also has 21 pages of exhibits attached to it.[1] Plaintiff's complaint contains claims under the following headings: (1) wrongful imprisonment; (2) wrongful detention; (3) deliberate indifference; (4) intentional infliction of emotional distress; (5) excessive penalties imposed; (6) wrongful conviction; (7) wrongful sentencing; (8) conditions of confinement; (9) malicious prosecution; (10) negligent hiring/retention; (11) administrative malpractice; (12) non-committal policy; (13) gross neglect; (14) systematic abuse; and (15) corruption.

---

[1] Plaintiff indicates in his complaint that he has filed five previous cases in this Court dealing with the same facts involved in this action. Those cases are *Brock v. Parker*, 5:14-cv-210 (summary judgment granted in favor of Defendants); *Brock v. Martin*, 5:15-cv-83 (summary judgment granted for Defendants); *Sealed Case*, 5:15-cv-239 (dismissed on initial screening for failure to state a claim upon which relief may be granted); *Brock v. Lynn*, 5:15-cv-225 (voluntarily dismissed by Plaintiff); and *Brock v. Brandenburg*, 5:15-cv-70 (voluntarily dismissed by Plaintiff). A review of this Court's docket shows that Plaintiff has filed ten other civil-rights actions under the names Dominique J. Brock, Americo J. Brock, and Dominique J. Brock-Butler. He also has filed two habeas corpus actions.

It is clear from the complaint that Plaintiff has been convicted of multiple prison disciplinary infractions in the past two years, resulting in Plaintiff spending almost all of his time in segregation. Attached to his complaint is a print out of "Disciplinary Violations" showing that as of March 6, 2016, three of Plaintiff's disciplinary violations were yet to be decided but that Plaintiff had been found guilty of 54 disciplinary violations. He asserts that he was repeatedly given the maximum penalty under what he characterizes as then-permissible administrative regulations. Plaintiff states that he has multiple psychiatric issues which, he alleges, have worsened due to his time in segregation. As relief, Plaintiff asks for compensatory and punitive damages and injunctive relief.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid

dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

***Claims related to Plaintiff's disciplinary proceedings***

Plaintiff alleges that he has been wrongfully convicted of and detained because of disciplinary proceedings, wrongfully imprisoned in segregation and supermax facility as a result of those disciplinary proceedings, that he has been wrongfully sentenced in that the maximum penalties were applied to run consecutive with all of his other disciplinary convictions, and that excessive penalties have been imposed based on his disciplinary convictions.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87 (footnote omitted).

The requirement that the prior criminal action ended favorably for the accused "'avoids parallel litigation over the issues of probable cause and guilt . . . and it precludes the possibility of [Plaintiff] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.'" *Id.* at 484 (citation omitted). The favorable termination requirement of *Heck* applies to prisoner allegations of due process violations in prison discipline hearings that result in the deprivation of good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Although Plaintiff attaches to his complaint documents related to several disciplinary proceedings which did not result in loss of good-time credits, the Court notes from other of Plaintiff's cases that many of his disciplinary hearings did result in loss of good-time credits. Segregation without loss of good-time credits fails to state a claim for a due-process violation under § 1983 altogether. A "plaintiff cannot show a denial of due process regarding his placement in segregation because a prisoner enjoys no liberty interest in remaining free from disciplinary segregation absent an atypical and significant hardship such as the loss of good time credits." *Cook v. Hills*, 3 F. App'x 393, 394 (6th Cir. 2001) (citing *Sandin v. Conner*, 515 U.S. 472, 485-87(1995); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995)).

It is clear that Plaintiff was found guilty after the disciplinary hearings about which he complains in the instant action. Thus, in the present case, if this Court were to find for Plaintiff such a finding would necessarily render his disciplinary proceedings invalid. There is no indication in the complaint that Plaintiff's disciplinary convictions have been reversed on direct appeal, expunged by executive order, declared invalid by a tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, his § 1983 claims challenging those disciplinary convictions are not cognizable. *See, e.g.*, *Betar v. Blue*, No. 4:13CV-P128-M, 2014 WL 3740784, at *3 (W.D. Ky. July 30, 2014) (where complaint did not indicate that Plaintiff's disciplinary conviction had been reversed or otherwise invalidated, Plaintiff's claims concerning his prison disciplinary action would necessarily imply the invalidity of his confinement and failed to state claim upon which relief may be granted).

Thus, Plaintiff's claims under the following headings are barred by *Heck/Edwards*: (1) wrongful imprisonment; (2) wrongful detention; (5) excessive penalties imposed having to do with being given the maximum penalty for disciplinary incidents; (6) wrongful conviction;

(7) wrongful sentencing; and (9) malicious prosecution. Additionally, other claims also fall under the *Heck*/*Edwards* bar even though the way Plaintiff labeled them might suggest otherwise.

Plaintiff's claim set forth under the heading "claim related to non-committal policy" has to do with Plaintiff being put in administrative segregation as a result of disciplinary proceedings. Thus, this claim is also barred by *Edwards*, 520 U.S. at 648, and therefore must be dismissed for failure to state a claim.

Additionally, the claim set forth by Plaintiff under the heading "administrative malpractice" also has to do with Plaintiff being put in segregation. For example, Plaintiff alleges that he was "barried" in the "hole/seg./isolation/confinement, applying (then permissible) policy (CPP 15.2 CPP 15.6 and housing me [illegible] according to provisions of CPP 10.2) as a 'system of oppression' – each extrajudicial disciplinary proceeding . . . was convicted/sentenced to the max. penalty." As already discussed, under *Edwards*, Plaintiff cannot challenge the result of his disciplinary proceedings, and this claim fails.

Furthermore, to the extent Plaintiff cites administrative procedures, even were there violations of those administrative procedures, such does not give rise to a § 1983 complaint. A state employee's "failure to follow KDOC policy does not state a valid constitutional claim." *Wiley v. Kentucky Dep't of Corr.*, No. CIV. A. 11-97-HRW, 2012 WL 5878678, at *12 (E.D. Ky. Nov. 21, 2012); *Higgs v. Sanford*, No. 5:07CV-P77-R, 2010 WL 1959530, at *4 (W.D. Ky. May 17, 2010); *see also Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir. 2004) ("[S]tate law, by itself, cannot be the basis for a federal constitutional violation.").

Under the heading "gross neglect," Plaintiff alleges that various Defendants were aware of his diagnoses of psoriasis, "bi-polar schizophrenia," depression, anxiety, and "paranoia

schizophrenia" before his January 2015 placement in segregation which "spiraled" into two years in segregation which resulted in him being "dry-celled" on numerous occasions, being placed in a restraint chair, and eventually cutting himself, as well as making several suicide attempts. He complains that each incident was stacked on top of the next as he was convicted/sentenced to maximum penalties each time. Once again, Plaintiff's claim is directly related to his disciplinary convictions and is therefore barred by *Edwards*.

For these reasons, by separate Order, these claims will be dismissed.

### *Remaining claims*

#### *Conditions of confinement*

Under this heading, Plaintiff alleges that having been sentenced to "several years" in segregation has been a "living hell." He states that, consistent with KDOC policy, he was confined to a cell for 23 hours per day in a cell nine feet long, five feet wide, and eight feet high, which, he alleges, "contributes to mental instabilities." Plaintiff alleges that he was afforded one phone call weekly, that he was allowed outside once a week, and that he was required to wear yellow clothes. He further alleges, "I practically starved due to canteen restrictions"; family visitation was limited; and he was only allowed outside of his cell in cuffs and shackles when not "on rec." He cites to various KDOC policies as the reason for this treatment.

To the extent that Plaintiff is attempting to raise a Fourteenth Amendment due-process claim related to simply being placed in segregation, as already explained, such claim fails. Mere placement in administrative segregation does not constitute an atypical and significant hardship, and thus does not give rise to a protected liberty interest." *McMann v. Gundy*, 39 F. App'x 208, 209-10 (6th Cir. 2002) (citing, *inter alia*, *Sandin v. Conner*, 515 U.S. at 484).

Nor do Plaintiff's allegations rise to the level of an Eighth Amendment violation. To establish an Eighth Amendment violation, a prisoner must demonstrate that he was deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "In evaluating Plaintiff's claim [regarding segregation], [the Court] consider[s] 'the nature of the more-restrictive confinement and its duration in relation to prison norms and to the terms of the individual's sentence.'" *Arauz v. Bell*, 307 F. App'x 923, 930 (6th Cir. 2009) (quoting *Harden-Bey v. Rutter*, 524 F.3d 789, 792 (6th Cir. 2008)). Plaintiff's allegations "are insufficient to support an Eighth Amendment claim." *Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 346 (6th Cir. 2014) ("The inconveniences that Bishawi describes – cancellation of activities, frequent lockdowns, limited library hours, pat-down searches, restricted access to certain amenities, a muddy recreation yard, the price of commissary goods, lines for the restroom, and loss of certain privileges while in segregation – are insufficient to support an Eighth Amendment claim.").

The conditions Plaintiff describes – limited recreation, phone, and visitation opportunities, being confined to a cell, and being required to wear a certain color clothes – are typical of conditions in segregation, and none describe a deprivation of the "minimal civilized measure of life's necessities." The Court considers Plaintiff's allegation that he "practically starved due to canteen restrictions" to be hyperbole. In any event, Plaintiff cannot bring an Eighth Amendment claim for emotional or mental damages for the alleged "starving" because he does not allege a physical injury resulting from any alleged starvation such as extreme weight loss or malnutrition. *See* 42 U.S.C. § 1997e(e); *see also Harden-Bey*, 524 F.3d at 795; *Shelton v. Christian Cty. Jail*, No. 5:14-CV-P146-GNS, 2015 WL 236853, at *2 (W.D. Ky. Jan. 16, 2015)

(finding where plaintiff alleged no deleterious effect of a reduced-calorie diet, not even weight loss, plaintiff had not stated a claim with regard to the prison diet).

*Deliberate indifference*

Plaintiff alleges that due to disciplinary convictions he was transferred from a Class D facility to KSP which is a maximum security facility, resulting in him being forced to live with "lifers." According to Plaintiff, this situation led to more disciplinary convictions ("I spiraled into an abyss of disciplinary penalties.").

To the extent that Plaintiff is complaining of his disciplinary convictions, as has already been discussed, he cannot challenge those convictions. To the extent that Plaintiff is complaining about his security classification, such a claim fails to state a § 1983 claim. A prisoner "has no constitutional right to be held in a specific security classification." *Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003) (citing *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 224 (1976)). Accordingly, this claim must be dismissed for failure to state a claim.

*Intentional infliction of emotional distress*

Plaintiff states he suffers from various mental illnesses including schizophrenia. He states that "psych services were discontinued when transferred to the Class-D program." He states that in 2014, when he was housed in the Crittenden County Jail his brother was shot, resulting in a nervous breakdown which led to his transfer on March 6, 2014, "behind the fence" where he "began to pick back up on psych service." He states that "due to mental health issues I never made it out of Green River Corr. Complex seg. Unit and was sent to Ky. St. Penitentiary as a random transfer." He references various constitutional amendments in conjunction with this claim. Plaintiff also references a number of disciplinary write-ups he received which resulted in

8

him being put in segregation.  For example, he refers to write-ups for smearing feces on two other inmates' doors, paying an inmate $50 to have another inmate assaulted, and self-inflicted wounds.

Plaintiff's allegations of intentional infliction of emotional distress stem from the emotional distress he alleges was caused by being placed in segregation because of his numerous disciplinary convictions.  Thus, this claim is barred by *Edwards*.

Plaintiff also states that on May 17, 2015:

> Sgt. Michael murphy administered psych. Referal complete w/ allegations of 1) strange/bizarre thoughts or behavior 2) thoughts of harming others 3) paranoid 4) explodes w/ anger, highly irritable going onto blatantly state in bottom ½ of psych. referral . . . I wish to state for the rec., this psych referral was not only 'race-based' but administered in spite of U.S. Dist. Case #5:15cv-00083 and #4:15cv-00065 (West. Dist. of Ky.) 1st, 4th, 5th, 8th, and 14th.

First, Michael Murphy is not named as a Defendant.  Second, Plaintiff's suggestion that he should not have received this "psych referral" is completely undercut by the other allegations in his lengthy complaint detailing his many serious psychiatric issues.  Additionally, his allegation that the psych referral was "race-based" is completely conclusory.  The Court is not required to accept such conclusory and unsupported statements.  *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).  Where, as here, a plaintiff pleads a legal conclusion without surrounding facts to support the conclusion stated in this claim, he fails to state a claim under § 1983.  *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).

Moreover, the prior actions brought by Plaintiff in this Court and cited by Plaintiff, *Brock v. Martin et al.*, No. 5:15cv-00083, and *Brock v. Wright et al.*, No. 4:15cv-00065, in no way barred prison officials from performing a psych referral.  Neither case contained an order restricting prison officials from performing a psych referral.  This claim will be dismissed for failure to state a claim for which relief may be granted.

*Negligent hiring and retention*

Plaintiff alleges that Defendants LaDonna Thompson and Rodney Ballard used "(then permissible) policies (see CPP 15.2, CPP 15.6 and CPP 10.0) as a 'system of oppression' – maliciously and sadistically burying me in the hole/seg./isolation/confinement . . . with numerous extrajudicial write-ups as a form of retaliation. For suits." The Court concludes that this claim is in actuality one for retaliation despite the heading of "negligent hiring and retention."

The Sixth Circuit has held that prisoners are precluded from collaterally attacking prison misconduct hearings or underlying disciplinary convictions by alleging retaliation under 42 U.S.C. § 1983. *See Lewis v. Pendell*, 90 F. App'x 882, 883 (6th Cir. 2004) (holding that a § 1983 was not cognizable because a favorable ruling on the plaintiff's retaliation claim would imply the invalidity of his disciplinary conviction); *Norwood v. Mich. Dep't of Corr.*, 67 F. App'x 286, 288 (6th Cir. 2003) ("Norwood cannot evade *Heck*'s bar on § 1983 challenges . . . by labeling his cause of action a retaliation claim"); *Ruiz v. Bouchard*, 60 F. App'x 572, 574 (6th Cir. 2003) (claim of retaliatory filing of misconduct charge is barred by the prisoner's conviction on the misconduct charge); *Anthony v. Ranger*, No. 08-CV-11436-DT, 2010 WL 1268031 (E.D. Mich. Mar. 30, 2010) (dismissing a retaliation claim against an officer who filed a misconduct charge because it was barred under *Heck*/*Edwards*). And, in fact, this Court already has explained to Plaintiff in one of his prior cases that an allegation of retaliation that is really an attack on a disciplinary proceeding fails to state a claim. *Brock v. Lynn*, No. 5:15-CV-P225-TBR, 2016 WL 1060355, at *5 (W.D. Ky. Mar. 11, 2016) (dismissing retaliation claims for failure to state a claim where allegation of retaliation was really a collateral attack on prison misconduct hearing). Accordingly, this claim will be dismissed for failure to state a claim upon which relief may be granted.

*Systematic abuse*

Under this heading, Plaintiff complains that employees "have voiced their opinions of 'les pendens.' Each going on to state that I 'deserve everything I have coming." He alleges that these employees maliciously and sadistically applied then-permissible CPP 15.2, 15.6, and 10.2. He states that various employees wrote him up "for several extrajudicial disciplinary proceedings as an act of 'retaliatory vindication'" which started when he filed *Brock v. Parker*, 5:14-cv-210, on November 14, 2014. Although difficult to follow, it appears that Plaintiff also alleges that "someone" must have given an anonymous tip that he was a "'big-time drug dealer'" or "'peddler' of some sort." He states that, as a result, officers have questioned him about "'cocaine,'" "'street fees,'" and "'quantities' (all of witch I'm unfamiliar with of course)." He states further, "Of course, I exercised my United States Const. 5th Am. Rights – but was nearly 'coerced' into incriminating myself." He also alleges that Defendant Joy Moyers told him that having filed previous suits may affect his participation in the MRT program.[2] He states, "I never refused to participate in the 'MRT/Hole program' but if (above listed cases) may've 'effected my participation' I felt it might be best to steer clear of Joy Moyers myself – for good. (Note: Transitional care has not been offered to me [illegible] steer clear of 'this façade' of KSP's 'system of oppression.'"

First, Plaintiff's allegations of employees applying valid regulations do not state a constitutional claim. Second, as already discussed, Plaintiff cannot bring a retaliation claim regarding a disciplinary proceeding under *Edwards*. Third, suspecting Plaintiff of being a drug dealer and questioning him about drugs is, at most, verbal harassment. Harassing language by a prison official does not amount to a constitutional violation. *Johnson v. Unknown Dellatifa*, 357

---

[2] Elsewhere, Plaintiff refers to the MRT program as the "Moral recognition training" program. MRT may more accurately refer to Moral Reconation Therapy. *Redmond v. Warden*, No. CV 15-141-KKC, 2016 WL 4275649, at *2 (E.D. Ky. Aug. 12, 2016).

11

F.3d 539, 546 (6th Cir. 2004); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Searcy v. Gardner*, No. 3:07-0361, 2008 WL 400424, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials."). Finally, although Plaintiff alleges that Defendant Moyers told him that having filed suits "may affect" his participation in a particular program, his own allegations indicate that he felt it "best to steer clear of Joy Moyers myself – for good." Thus, he has not alleged that Defendant Moyers took any unconstitutional action against him. For these reasons, Plaintiff fails to state a claim based on these allegations.

*Corruption*

This is the longest section of the complaint, and it contains a morass of confusing claims. Plaintiff alleges that KSP "has a history of staff related deaths as result of neglect or . . . malice somewhere down the line." He alleges that some of these employees were also involved in his being "buried in the hole/seg/confinement." He states that in August 2015 "I literally cut myself (as part of practically going insane while housed in KSP's seg. Units . . . ) and was placed on suicide watch and again in Nov. 2015." He alleges that certain employees retaliated against him for filing his various previous suits by calling him a "rat," "chicken," and "AIDS baby." He alleges that this led to his first fight while housed in segregation. He further states that he was convicted in a disciplinary proceeding after this incident.

As already discussed above, Plaintiff cannot challenge his disciplinary conviction by recasting it as retaliation. *See Lewis v. Pendell*, 90 F. App'x at 883. Furthermore, being called names does not constitute adverse action for purposes of a retaliation claim. *See Smith v.*

12

*Craven*, 61 F. App'x 159, 162 (6th Cir. 2003) (holding verbal harassment does not constitute adverse action as required for a retaliation claim).

This claim also refers to the Prison Rape Elimination Act (PREA). Plaintiff states that he filed a PREA complaint, but Defendant Seth Mitchell negligently investigated the incident. He alleges that multiple officers have "made derogatory comments/gestures of 'making me suck dick.'"

It is not at all clear what, if any, cause of action Plaintiff wishes to raise with regard to this allegation. However, mere verbal abuse, even that which is sexual in nature, does not state a constitutional claim. *See Rayburn v. Blue*, 154 F. Supp. 3d 523, 532 (W.D. Ky. 2015); *see also Zander v. McGinnis*, No. 97-1484, 1998 WL 384625, at *2 (6th Cir. June 19, 1998) (holding verbal abuse of mouthing "pet names" at prisoner for ten months failed to state an Eighth Amendment claim); *Murray v. United States Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) (per curiam) (holding that verbal abuse in the form of offensive remarks regarding a transsexual prisoner's bodily appearance, transsexualism, and presumed sexual orientation cannot state an Eighth Amendment claim). Moreover, the Court finds that Plaintiff has failed to state a claim under PREA because PREA does not provide a private cause of action. *See, e.g.*, *Beckham v. Keaton*, No. 14-CV-159-HRW, 2015 WL 1061597 (E.D. Ky. Mar. 10, 2015); *Simmons v. Solozano*, No, 3:14-CV-P354-H, 2014 WL 4627278 (W.D. Ky. Sept. 16, 2014); *Montgomery v. Harper*, No. 5:14CV-P38-R, 2014 WL 4104163 (W.D. Ky. Aug. 19, 2014).

Plaintiff also alleges that the KDOC has taken a "shameful approach" regarding the "'transitional program; (i.e. moral recognition training – MRT)" which is "federally funded via fed. grants." He complains that Defendant Moyers has put only minimal federal funding to use.

13

He alleges that it took two years for inmates in the MRT program to be provided workbooks and that the program has a highly unacceptable success rate. He further alleges that the "MRT/Hole program is so[] negligent . . . that many inmates felt it may be best to steer clear of the MRT/Hole program for good."

First, Plaintiff has no standing to bring claims of negligently administering a federally funded prison program because the program has a poor success rate and many inmates wish to "steer clear" of it. Plaintiff may only assert those claims which are personal to him. *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Coal Operators & Assoc., Inc. v. Babbitt*, 291 F.3d 912, 915-16 (6th Cir. 2002). Therefore, this claim will be dismissed as frivolous for lack of subject matter jurisdiction. *Babbitt*, 291 F.3d at 915 ("[S]tanding to sue . . . is a jurisdictional requirement.").

Second, prisoners have no constitutionally protected interest in prison rehabilitation programs based on the Fourteenth Amendment. *See, e.g.*, *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999) (no liberty or property interest in a rehabilitative program); *Sykes v. Carl Perkins Rehab. Ctr.*, No. 96-5837, 1997 WL 572893, at *1 (6th Cir. Sept. 1, 1997) (no liberty or property interest in federally funded prisoner rehabilitation program).

Finally, this Court could not discern what the remainder of this section of the complaint is referring to or alleging and, as such, it fails to state a claim for which relief may be granted. *See Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (even in pleadings by *pro se* parties, "courts should not have to guess at the nature of the claims asserted.").

## III. <u>CONCLUSION</u>

      For the foregoing reasons, by separate Order, the Court will dismiss the instant action.

Date:

cc:     Plaintiff, *pro se*
          Defendants
          General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.009